**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**NICHOLAS J. SCARDIGLI (SBN: 249947)**
nscardigli@mayallaw.com
**VLADIMIR J. KOZINA (SBN: 284645)**
vjkozina@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**ACKERMANN & TILAJEF, P.C.**
**Craig J. Ackermann (SBN: 229832)**
cja@ackermanntilajef.com
**1180 South Beverly Drive, Suite 610**
**Los Angeles, CA 90035**
**Telephone: (310) 277-0614**
**Facsimile: (310) 277-0635**

**Attorneys for Plaintiff Justin Titus and the Putative Class**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN TITUS, an individual,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**THE MARTIN-BROWER COMPANY, LLC; and DOES 1-100, inclusive,**<br><br>    **Defendants.** | **Case No.:**<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>1.  **FAILURE TO PAY SEPARATELY AND HOURLY FOR TIME SPENT BY DRIVERS ON REST BREAKS, AND OTHER NON-DRIVING TASKS**<br>2.  **FAILURE TO PROVIDE PAID REST BREAKS AND/OR PAY PREMIUMS**<br>3.  **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**<br>4.  **FAILURE TO MAINTAIN COPIES OF ACCURATE ITEMIZED WAGE STATEMENTS**<br>5.  **FAILURE TO TIMELY PAY WAGES AT END OF EMPLOYMENT**<br>6.  **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Justin Titus brings this Class Action against The Martin-Brower Company, LLC and Does 1 through 100, for violations of the Fair Labor Standards Act, California Labor Code, and Business and Professions Code.

**PARTIES**

1.    Justin Titus ("Titus" or "Plaintiff") is and at all times relevant herein was employed in San Joaquin County, California, and was an "employee" for purposes of the California Labor Code and IWC Wage Order No. 9.

2.    The Martin-Brower Company, LLC ("Martin-Brower") is a Delaware Corporation and, at all times relevant herein, was an "employer" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable IWC Order(s).

3.    Martin-Brower and Does 1-100 are collectively referred to as Defendants.

4.    Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

**JURISDICTION AND VENUE**

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in San Joaquin County and Plaintiff's place of employment with Defendants was within this District. Plaintiff hereby demands a jury trial.

**GENERAL ALLEGATIONS**

7.      Titus was hired by Martin-Brower as a Driver in June 2016.

8.      Martin-Brower's California Drivers are paid by the mile on a piece-rate basis for trips that cannot be completed in one day.

9.      Martin-Brower's California Drivers are paid on an hourly basis for trips that can be completed in one day.

10.      Under Martin-Brower's uniform compensation system, and in violation of Labor Code section 226.2(a)(1), Drivers are and were not compensated for all rest and recovery periods and other nonproductive time separately from their piece-rate compensation on trips that cannot be completed in one day. *See* Labor Code section 226.2; *see also Bluford v. Safeway Stores, Inc.,* 216 Cal. App. 4th 864, 872–73 (2013) ("Thus, contrary to Safeway's argument, a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law.");

11.      Under Martin-Brower's uniform compensation system, and in violation of Labor Code section 226.2(a)(2), the itemized wage statements furnished to Drivers since January 1, 2016, pursuant to Labor Code section 226(a) failed to separately state (A) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those during the pay period, and (B) the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period.  See samples of Titus' wage statement attached as **Exhibit 1**.[1]

/ / /

---

[1] Exhibit 1 is incorporated by this reference as though fully set forth herein.

12.      Under Martin-Brower's uniform compensation system, and in violation of Labor Code section 226.2(a)(3), Drivers were not compensated for rest and recovery periods on trips that cannot be completed in one day at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the rest and recovery periods and any premium pay compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods; or (ii) the applicable minimum wage. *Id*.

13.      Because of Drivers' busy schedules, Martin-Brower, routinely did not relieve their drivers of all duties for their duty-free rest breaks, did not timely provide duty-free rest breaks to Drivers, did not provide uninterrupted duty-free rest breaks and/or did not provide the requisite number of duty-free rest breaks for the duration of their shifts. In fact, Drivers were rarely, if ever, relieved of duties for the statutory rest periods as evidenced by the fact that drivers rarely, if ever, logged their rest periods as off-duty, not driving time on their Department of Transportation logs.

14.      Titus and Martin-Brower's other California Drivers also were not paid premium pay despite the fact that they were not relieved of all work-related duties and control during their rest periods, as shown by their DOT logs. The California Supreme Court recently made clear that rest breaks must be duty-free. *See Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 272 (Dec. 22, 2016) ("California law requires employers to relieve their employees of all work-related duties and employer control during 10-minute rest periods").

15.      Because Titus and Martin-Brower's other California Drivers are not compensated for all rest and recovery periods and other nonproductive time, are not compensated for the same at the appropriate rates, and do not receive premium pay associated with missed rest breaks, they are not timely paid at the end of their of their employment.

16.      Because of the violations set forth above, and as evidenced in the samples of Titus' wage statements attached hereto as **Exhibits 1**, the wage statements furnished by Martin-Brower violated Labor Code sections 226(a) and 226.2 insofar as they failed to:

     a.      Accurately show the gross wages earned in violation of section 226(a)(1);
     b.      Accurately show the total number of hours worked by the employee in violation of section 226(a)(2);
     c.      Accurately show the net wages earned in violation of section 226(a)(5);

d.    Accurately show all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9); and

e.    Separately state (A) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those during the pay period, and (B) the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period in violation of section 226.2(a)(3).

17.    Martin-Brower was, at all times relevant herein, aware of the requirements of Labor Code sections 226 and 226.2, as well as California case law.

18.    Martin-Brower has, at all times relevant herein, furnished wage statements to each of its California Drivers pursuant to an established set of policies, procedures and practices.

19.    Titus and Martin-Brower's other California Drivers, both current and former, have suffered injury as a result of Martin-Brower's knowing and intentional failure to comply with Labor Code section 226(a).

20.    Titus and Martin-Brower's other California Drivers, both current and former, have suffered injury as a result of Martin-Brower's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by the in violation of Labor Code section 226(a)(1).

21.    Titus and Martin-Brower's other exempt California Drivers, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by Martin-Brower.

22.    Titus and Martin-Brower's other California Drivers, both current and former, have suffered injury as a result of Martin-Brower's knowing and intentional failure to furnish wage statements accurately showing the total number of hours worked by the employee in violation of Labor Code section 226(a)(2).

23.    Titus and Martin-Brower's other California Drivers, both current and former, were unable to promptly and easily determine the total number of hours they worked from the wage statements furnished by Martin-Brower.

/ / /

/ / /

24.    Titus and Martin-Brower's other California Drivers, both current and former, have suffered injury as a result of Martin-Brower's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by the employee in violation of Labor Code section 226(a)(5).

25.    Titus and Martin-Brower's other California Drivers, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by Martin-Brower.

26.    Titus and Martin-Brower's other California Drivers, both current and former, have suffered injury as a result of Martin-Brower's knowing and intentional failure to furnish wage statements accurately showing applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code section 226(a)(9).

27.    Titus and Martin-Brower's other California Drivers, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Martin-Brower.

28.    Titus is informed and believes, and based thereon alleges, that Martin-Brower has also failed maintain copies of the wage statements issued to himself and its other California Drivers, both current and former, conforming with Labor Code section 226(a), for at least three years at the place of employment or at a central location within the State of California.

29.    From at least four years prior to the filing of the original Complaint, Martin-Brower has adopted and used unfair business practices to minimize their drivers' compensation and increase profits.  These unfair business practices included failing to pay drivers for their time spent on their statutory rest breaks and other Non-Driving Tasks on trips that could not be completed in one day, failing to provide paid rest breaks as required by California law, failure timely pay drivers at the end of their employment, and failure to furnish accurate and complete itemized wage statements, among other practices.

/ / /

## CLASS ACTION ALLEGATIONS

30.     Plaintiff seeks to maintain this action as a class action as to the First through Fifth causes of action.  Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class which Plaintiff seeks to represent consists of the following:

a.     All individuals employed in California by Martin-Brower in the position of Driver from March 15, 2013 through the date of final judgment (the "Driver Class");

b.     All individuals employed in California by Martin-Brower in the position of Driver from March 15, 2015 through the date of final judgment (the "Wage Statement Subclass"); and

c.     All former California employees of Martin-Brower whose employment ended between March 15, 2016 and the date of final judgment (the "Waiting Time Penalty Class").

The Driver Class, Wage Statement Subclass and Waiting Time Penalty Subclass are collectively referred to as the Class.

31.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 100 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

32.     This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

33.     There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants' failure to a) make separate payments to current and former Drivers on an hourly basis for their time spent on rest breaks and the other Non-Driving

Tasks, b) provide paid rest breaks to its Drivers, c) issue complete, accurate itemized wage statements that comply with Labor Code Sections 226 and 226.2, and c) timely pay its Drivers at the end of their employment.

34.   Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

    a.   Whether Defendants' California Drivers were not compensated for rest and recovery periods and other nonproductive time separately from their piece-rate compensation in violation of Labor Code 226.2(a)(1) on trips that could not be completed in one day;

    b.   Whether itemized wage statements furnished to Defendants' California Drivers pursuant to Labor Code section 226(a) failed to separately state (A) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those during the pay period, and (B) the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period in violation of Labor Code section 226.2(a)(2);

    c.   Whether Defendants' California Drivers were not compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the rest and recovery periods and any premium pay compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods; or (ii) the applicable minimum wage in violation of Labor Code section 226.2(a)(3) for trips that could not be completed in one day;

    d.   Whether Defendants' California Drivers received duty-free rest breaks, timely received their duty-free rest breaks, received uninterrupted duty-free rest breaks and/or received the requisite number of duty-free rest breaks for the duration of their shifts;

e.   Whether Defendants paid the premium pay associated with duty free rest breaks on trips that could not be completed in one day;

f.   Whether Defendants failed to pay all compensation due and owing to former California Drivers at the end of their employment;

g.   Whether the wage statements Defendants furnished to their California Drivers comply Labor Code section 226(a)(1), (2), (5), and (9);

h.   Whether the wage statements Defendants furnished to their h California Drivers comply Labor Code section 226.2;

i.   Whether Defendants have maintained wage statements in compliance with Labor Code section 226(a);

j.   Whether the alleged violations constitute unfair business practices;

k.   Whether the Class is entitled to injunctive relief; and

l.   Whether the Class is entitled to unpaid wages, civil and statutory penalties and/or restitutionary relief, and the amount of the same.

35.   Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

36.   The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

37.   Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

/ / /

/ / /

38.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practical, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

39.    Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court, and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

40.    Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**Failure to Pay Wages Separately and on an Hourly Basis**
**For Time Spent by Drivers on Statutory Rest Breaks, and Other Non-Driving Tasks**
**[Cal. Labor Code §§ 1194, 1194.2 and 226.2]**
**On behalf of Plaintiffs and the Driver Class**

41.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

42.    The actionable period for this cause of action is three years prior to the filing of the original Complaint through preliminary approval.

/ / /

43.    Section 1194 of the Labor Code provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action    the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit.

44.    Section 1194.2 of the Labor Code provides, in relevant part:

> In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45.    Labor Code section 226.2 codified existing law mandating that, *inter alia*, truck drivers paid on a piece-rate basis must be paid separately and hourly for rest periods and other non-productive time.  Specifically, new Labor Code section 226.2 states that "employees shall be compensated for rest … periods and other nonproductive time separate from any piece-rate compensation."  *See,* California Labor Code section 226.2(a)(1).

46.    Labor Code section 226.2 also makes clear that hourly pay for rest periods, as opposed to the other non-productive time, must be paid out at the higher of (i) the average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest periods and overtime, by the total hours worked during the workweek, exclusive of rest periods, or (ii) the applicable minimum wage. *Id.* (a)(3).

47.    As set forth above, during the Class Period, Plaintiff and the other members of the Driver Class were not paid separately and hourly for statutory rest breaks and other Non-Driving Tasks, such as pre- and post-inspections, waiting time, work-related paperwork, maintenance, and fueling and cleaning on trips that could not be completed in one day.  Plaintiffs and the other members of the Driver Class were paid on a piece-rate basis based on the load delivered, but Defendants did not separately compensate drivers on an hourly basis at the stepped-up rate for their time on their statutory rest breaks and at the rate of at least minimum wage for time spent on the other Non-Driving Tasks on trips that could not be completed in one day.

/ / /

/ / /

48.     Accordingly, during the Class Period, Plaintiff and the other members of the Driver Class did not receive their hourly wages for their statutory rest breaks or other Non-Driving Tasks on trips that could not be completed in one day.

49.     In failing to pay truck drivers separately and hourly for time spent on mandatory rest periods and other Non-Driving Tasks, Defendants operated in bad faith given the issuance of Labor Code § 226.2, *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872–73 on May 8, 2013, and the cases cited therein.  Following the issuance of *Bluford*, Defendant purposefully failed to pay the back wages due to Plaintiff and the other current and former truck Drivers who were owed back wages. This knowing awareness of a legal obligation coupled with the intentional decision not to pay the back wages due constitutes a willful violation of Sections 1194 and 226.2 of the Labor Code.

50.     Accordingly, pursuant to sections 1194, 1194.2, 226.2 and 218 of the California Labor Code, Plaintiff and the Driver Class are entitled to recover, at a minimum, their unpaid hourly wages, plus liquidated damages in an additional amount equal to the total amount minimum wages unlawfully withheld during the Class Period for drivers' unpaid non-productive time and the stepped up rate for their rest break time, plus liquidated damages in an additional amount equal to the total amount minimum wages unlawfully withheld during the Class Period.

51.     Pursuant to section 1194 of the Labor Code, Plaintiff and the Driver Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

52.     Wherefore, Plaintiff and the other members of the Driver Class have been injured as set forth above and request relief as hereafter provided.

## SECOND CAUSE OF ACTION
**Failure to Provide Paid Rest Periods and/or Pay Rest Period Premiums**
**[IWC Wage Order No. 9, Section 12; Cal. Labor Code §§ 226.7]**
**On behalf of Plaintiffs and the Driver Class**

53.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

/ / /

54.    The actionable period for this cause of action is three years prior to the filing of the original Complaint through preliminary approval.

55.    Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission.  It states:

a.    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

56.    Section 12 of the applicable IWC Wage Order provides:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest       time per four (4) hours or major fraction thereof. However, a rest period need not be  authorized for employees whose total daily work time is less than three and one-half (3 1/2)       hours. Authorized rest period time shall be counted as hours worked for which there shall be             no deduction from wages."

57.    Courts have consistently interpreted Section 12 of the applicable IWC Wage Order to mean that employees paid on a piece-rate must receive separate and hourly pay for their time spent on rest breaks. *See e.g., Bluford v. Safeway Stores, Inc.,* (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to Safeway's argument, a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law."); *Shook v. Indian River Transport Co.,* 2014 WL 7178199, *5-6 (E.D.Cal. Dec. 15, 2014). Plaintiff and the Class are thus owed a rest period premium for each workday where Defendant failed to provide duty-free rest periods (which was a daily occurrence) and, additionally, on trips that could not be completed in one day for not providing rest periods with separate and hourly pay for the rest period time. *See Amaro v. Gerawan*, 2016 WL 4440966, *5 (E.D. Cal. Aug. 23, 2016) (providing an unpaid rest break provided to a worker paid on a piece-rate basis constitutes a

failure to provide a compliant rest break triggering premiums under Labor Code section 226.7).

58.    As alleged herein, by failing to provide its drivers paid on a piece-rate with paid rest periods of 10 minutes for each 4 hours of work during the Class Period on trips that could not be completed within one day and by failing to relieve drivers of all duties for the rest periods on all their working days (as evidenced by the DOT logs showing that rest periods were always, or almost always logged as on-duty time), Defendants have violated California Labor Code § 226.7, and are liable to Plaintiff and the Driver Class for premiums.

59.    As a result of the unlawful acts of Defendants, Plaintiff and the Driver Class were not provided paid duty-free rest breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide drivers with paid duty-free, compliant rest periods as required by California law.

60.    Wherefore, Plaintiff and the other members of the Driver Class have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
**Failure to Issue Complete and Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 226, 226.2 and 226.3]**
**On Behalf of Plaintiffs and the Wage Statement Subclass**

61.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

62.    The actionable period for this cause of action is one year prior to the filing of the original Complaint through preliminary approval.

63.    Pursuant to Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . ., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net

wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer . . ., (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer . . ., the rate of pay and the total hours worked for each temporary services assignment."

64.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

65.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

66.     Furthermore, under Labor Code section 226.2, employers must issue wage statements to employees that separately state the total hours of compensable rest periods, the rate of compensation for such periods, and the gross wages paid for those rest periods each pay period. *See,* Labor Code section 226.2(a)(2).  Section 226.2(a)(2)(B) also requires that the wage statements

include the total hours of other non-productive time, the rate of compensation, and the gross wages paid for that time period.

67.     Defendants violated Section 226(a) by paying its drivers on a combined piece-rate and hourly basis, while failing to issue wage statements to drivers that include their total hours worked during the pay period.  *See, e.g.*, *McKenzie v. Federal Express Corp.*, 765 F.Supp.2d 1222 (C.D. Cal. 2011) (wage statements violated California Labor Code by not including, *inter alia*, total hours worked giving rise to claims under both Section 226 and for PAGA penalties); *See Cicairos v. Summit Logistics*, 133 Cal. App. 4th 949, 954 ("If it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the total hours worked during the pay period, the requirements of section 226 would not be met"); *see also* Cal. Labor Code § 226(e)(2)(B) (clarifying that injury is established where the wage statement violated Section 226(a)(1), (2), or (5), among other provisions, and where employees cannot easily determine the gross or net wages earned by the employee during the pay period).

68.     As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements.  Here, Defendant's wage statements issued to Plaintiff and the Wage Statement Subclass do not accurately show their drivers'

   a.     Gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee as required by section 226(a)(1), (2), (5) and (9); or

   b.     Total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those during the pay period, as well as the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period as required by section 226.2(A)(3).

69.     Wherefore, Plaintiff and the other members of the Wage Statement Subclass have been injured as set forth above and request relief as hereafter provided.

/ / /

**FOURTH CAUSE OF ACTION**
**Failure to Maintain Complete and Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 226, 226.2 and 226.3]**
**On Behalf of Plaintiff and the Wage Statement Subclass**

70.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

71.     Pursuant to Labor Code section 226(a), every employer shall maintain for each of his or her employees a copy of an accurate itemized statement in writing showing, among other things, "the name and address of the entity that is the employer," for at least three years.

72.     During the relevant time period, Defendants, intentionally and willfully failed to maintain copies of accurate itemized wage statements as required by Labor Code section 226(a).

73.     Wherefore, Plaintiff and the other members of the Wage Statement Subclass have been injured as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay Wages at End of Employment**
**[Cal. Labor Code § 201 and 202]**
**On Behalf of Plaintiff and the Waiting Time Penalty Subclass**

74.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

75.     Pursuant to Labor Code section 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

76.     Pursuant to Labor Code section 202, if an employee quits his or her employment, his or her wages become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77.     During the relevant time period, Plaintiff and the other members of the Waiting Time Penalty Subclass were not timely paid all of their earned but unpaid wages when their employment with Defendants ended.

78.     During the relevant time period, Defendants intentionally and willfully failed to timely pay Plaintiff and the other members of the Waiting Time Penalty Sublass all of their earned and unpaid wages when their employment ended

79.     Wherefore, Plaintiff and the other members of the Waiting Time Penalty Subclass have been injured as set forth above and request relief as hereafter provided.

**SIXTH CAUSE OF ACTION**
**Unfair Business Practice**
**[Cal. Bus. and Prof. Code § 17200 *et seq.*]**
**On Behalf of Plaintiff and the Class**

80.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

81.     Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

82.     Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

83.     Through its actions and/or omissions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business and Professions Code, because Defendants' conduct has violated state wage and hour laws as alleged herein. Indeed, Defendants' conduct has damaged Plaintiff and the Class members by wrongfully denying them minimum wages and/or separate hourly pay for statutory rest periods and other Non-Driving Tasks during the Class Period on trips that could not be completed within one day and failing to provide them with rest breaks as required by California law on trips that could not be completed within one day and therefore was substantially injurious to Plaintiffs and the Class members

/ / /

/ / /

84.     Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Thus, the actionable period for this cause of action is four years prior to the date of the filing of the original Complaint through preliminary approval.

85.     Defendants engaged in unfair competition in violation of sections 17200, et seq. of the California Business & Professions Code by violating sections 201, 202, 226, 226.2, 226.7 and 1194 of the California Labor Code, as well as Section 12 of the applicable IWC Wage Order.

86.     The harm to Plaintiff and the other members of the Class, including being denied payment in the amount of their applicable hourly wages for their statutory rest periods and other Non-Driving Tasks, in not being provided paid statutory rest breaks and other Non-Driving Tasks, not being timely paid when their employment ended, and in not being provided accurate itemized wage statements, outweighs the utility, if any, of Defendants' policies and practices. Therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of section 17200 of the California Business and Professions Code.

87.     Wherefore, Plaintiff and the other members of the Driver Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Sixth Causes of Action:**

1.     That this Court certify the Class identified in Paragraph 30;

2.     That this Court certify Plaintiff as the representative of the Class identified in Paragraph 30;

3.     That this court award actual, compensatory, special, and general damages, including unpaid minimum wages and unpaid rest period wages, as well as restitutionary relief to Plaintiff and the members of the Class;

4.     For injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;

5.     For unpaid premium pay as required by Labor Code section 226.7 and the applicable IWC Wage Order(s);

6.     That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code sections 204, 226, 226.7, 1194 and 1194.2;

7.     That this Court award statutory attorneys' fees and costs, including those available under Labor Code sections 218.5, 226(e)(1), 226(h), 1194 and 1194.2, as well as Code of Civil Procedure section 1021.5;

8.     That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9.     Such other and further relief as the court deems just and proper.

**DATED:** March 15, 2017                          **MAYALL HURLEY P.C.**


By____/s/  Robert J. Wasserman_____
         ROBERT J. WASSERMAN
         WILLIAM J. GORHAM
         NICHOLAS J. SCARDIGLI
         VLADIMIR J. KOZINA
         Counsel for Plaintiff and the Putative Class


**DATED:** March 15, 2017                          **ACKERMANN & TILAJEF P.C.**


By____/s/  Craig J. Ackermann_____
         CRAIG J. ACKERMANN
         Counsel for Plaintiff and the Putative Class