MAYALL HURLEY P.C.
Robert J. Wasserman, CA Bar No. 258538
rwasserman@mayallaw.com
William J. Gorham, CA Bar No. 151773
wgorham@mayallaw.com
Nicholas J. Scardigli, CA Bar No. 249947
nscardigli@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

ACKERMANN & TILAJEF, P.C.
Craig J. Ackerman, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

Attorneys for Plaintiff Justin Titus and the Settlement Class

FILED
JUN 19 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TITUS, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>THE MARTIN-BROWER COMPANY, LLC; and DOES 1-100 inclusive,<br>Defendants. | **Case No. 2:17-cv-00558-JAM-GGH**<br>[~~PROPOSED~~] JAM<br>**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br>Date: June 19, 2018<br>Time: 1:30 p.m.<br>Judge: Hon. John A. Mendez<br>Location: Courtroom 6, 14th Floor |

The Court, having considered Plaintiff Justin Titus' ("Plaintiff") unopposed Motion for Final Approval of Class Action Settlement between Plaintiff and Defendant The Martin-Brower Company, LLC ("Defendant"),[1] and Plaintiff's previously filed Motion for Attorneys' Fees and Costs [Dkt. No. 20], and good cause appearing therefore, hereby **GRANTS** final approval of the parties' Class Action Settlement Agreement (the "Settlement")[2] and Plaintiff's Motion for Fees and Costs as set forth below and **ORDERS AND MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:**

1. The Court has personal jurisdiction over all Participating Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement (including all Exhibits thereto).

2. The Settlement, including the definitions applicable to the Settlement, is incorporated by reference into this Order. All terms used in this Order, unless otherwise defined, shall have the same meanings given those terms in the Settlement.

3. The Court finds that the Settlement was reached after arm's-length negotiations between the Parties, including an all-day mediation session; the proposed Settlement was concluded only after counsel for the Parties had conducted adequate informal discovery and investigation; and the Settlement of this action, as embodied in the terms of the Settlement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Parties and the Class Members.

4. For the purpose of settlement, the Court finally certifies the following "Class":

---

[1] Plaintiff and Defendant are collectively referred to as the "Parties."

[2] The Settlement is in the Court's record as Exh. A Dkt. No. 16-3.

All persons who have been employed by Defendnat as a non-exempt truck driver at its facility in Stockton, California at any time during the period from March 15, 2013 through February 27, 2018 (the "Class Period").

5. The above Class consisting of 189 Participating Class Members is certified for settlement purposes[3], and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it by or on behalf of the members of the Class.

6. The Court finally appoints Plaintiff Justin Titus as the Class Representative.

7. The Court finally appoints Craig J. Ackermann and Avi Kreitenberg of Ackermann & Tilajef, P.C., and Robert J. Wasserman of Mayall Hurley P.C. as counsel for the Class (collectively "Class Counsel").

8. The Court previously appointed Atticus Administration, LLC as the Settlement Administrator, and confirms that appointmenmt.

9. The Court finds that:

a. the above-described Class contains members so numerous that the joinder of all of them is impracticable;

b. there are questions of law or fact common to the Class;

c. the claims of the Plaintiff are typical of the claims of the Class that Plaintiff seeks to represent; and

d. the Plaintiff and Class Counsel have fairly and adequately protected the interests of the Class.

10. The Court finds that the Settlement is fair and reasonable. The Parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

---

[3] The one individual who timely opted-out, Antonio Campero Gonsalves, shall not be subject to the Class Release.

11. The Notice and the notice methodology implemented pursuant to the Settlement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this action, their right to participate in, object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules Civil Procedure, the United States Constitutions (including the Due Process Clauses), and any other applicable law. No Class Members submitted objections to the Settlement or Plaintiff's fee motion as part of this notice process, only one Class Member requested exclusion from the settlement[4], and no Class Members submitted a written statement of intention to appear at the Final Approval Hearing.

12. The terms of the Settlement and this Order and Final Judgment are binding on Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action as provided by the Settlement. No Class Members timely excluded themselves from the Class, so all are bound by the Release of Defendant and the other released parties set forth in the Settlement Agreement.

13. In accordance with the Settlement, as of the Effective Date (as defined in the Settlement), Plaintiff and all Class Members are deemed to have conclusively released Defendant and all affiliated and related parties and entities (including all

---

4 The name of the Class Member who requested exclusion from the settlement is Antonio Campero Gonsalves.

former and present parents, subsidiaries, brother/sister corporations, and affiliates, predecessors, owners, members, successors, shareholders, divisions, and each of these parties' and entities' respective past and present officers, directors, employees, partners, members, shareholders, insurers, agents, attorneys, and any other successors, assigns, or legal representatives, from all federal, state and local law claims, rights, demands, liabilities, and causes of action, whether known or unknown, arising from, or related to, the allegations that were made or reasonably could have been made based on the facts alleged in the operative First Amended Complaint in this Action, for the period from March 15, 2013 through February 27, 2018.

14. The Court finds that all notice requirements of the Class Action Fairness Act ("CAFA") have been satisfied.

15. The Court grants a Class Representative Service award of $7,500 to the Plaintiff. This request is justified in light of the fact that, among other things, Plaintiff spent numerous hours conferring with Class Counsel, reviewing documents, gathering evidence, attending mediation, entered into a general release, Plaintiff's efforts resulted in a favorable result for the Class, and the Class did not oppose the request. The Service Award is not disproportionate to the maximum settlement amount. The Class Representative Service Award will be paid to Plaintiff in accordance with the terms of the Settlement.

16. The Court grants Plaintiff's motion for attorneys' fees and costs in the amount of $98,250.00 in fees and costs in the amount of $2,899.49. The requested attorneys' fees are justified in light of, among other things, the following facts: (1) Class Counsel vigorously prosecuted this case and achieved a favorable result for the Class; (2) the legal issues were somewhat complex; (3) the Class did not oppose the request; and (4) the amount sought is consistent with the Ninth Circuit's benchmark and reasonable when considered against Class Counsel's actual lodestar. The award is granted, and the attorneys' fees and costs shall be paid by Defendant to Class Counsel

in accordance with the terms of the Settlement. Defendant is also ordered to separately pay the $7,000 in mediation fee to Class Counsel.

17. The $5,761.00 designated for payment to Atticus Administration, LLC, the Settlement Administrator, is fair and reasonable. The Court grants final approval of, and orders the Parties to make the payment to the Settlement Administrator in accordance with the Settlement.

18. The Court approves the allocation of $10,000 of the Settlement as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), and further approves of payment of $7,500 to the Labor and Workforce Development Agency for its portion of the PAGA penalties pursuant to Cal. Labor Code sections 2698-2699.

19. In the event that a Settlement check cannot be delivered to a Class Member, or a Class Member does not cash a Settlement checks after the events and deadlines set forth in Section 3.8(B) of the Settlement, then the Settlement Administrator shall redistribute the amount associated with the checks to the State of California's Unclaimed Wages Fund, administered by the DLSE.

20. Final Judgment is hereby entered based on the Parties' settlement agreement. The Court retains jurisdiction, however, to enforce the terms of the Settlement Agreement, and ensure that its terms and this Order are carried out.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: June 19, 2018

THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE